IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DANTE G. FREDRICK,<br><br>      Plaintiff,<br><br>      v.<br><br>CITY OF BRUNSWICK; and DETECTIVE DANIEL MERRITT,<br><br>      Defendants. | CIVIL ACTION NO.: 2:20-cv-124 |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion to Dismiss, Plaintiff's Motion to Invoke Supplemental Jurisdiction, and Defendants' Motion for Summary Judgment. Docs. 7, 14, 20. For the reasons stated below, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss and **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. Because I have found Plaintiff has failed to state a claim, I **DENY as moot** Plaintiff's Motion to Invoke Supplemental Jurisdiction and **RECOMMEND** the Court **DENY as moot** Defendants' Motion for Summary Judgment. Docs. 14, 20.

**BACKGROUND**

Plaintiff has been identified as a "three-striker" under 28 U.S.C. § 1915 of the Prison Litigation Reform Act of 1995 ("PLRA") in multiple cases previously before this Court. See, e.g., Fredrick v. Camden Cnty. Sheriff's Office, Case No. 2:20-cv-41, ECF No. 19 at 5–6

(summarizing Plaintiff's litigation history).  However, Plaintiff filed this action in the Superior Court of Glynn County, Georgia, and Defendants removed to this Court.  Doc. 1.  Thus, the Court did not conduct a frivolity screening of Plaintiff's Complaint.

Plaintiff has filed a lengthy Complaint in this action, but his allegations can be distilled down to three main claims.  Doc. 1-1.  First, Plaintiff alleges Defendant Merritt violated O.C.G.A. § 17-4-41 by not including the time of the offense in his arrest affidavit.  Id. at 5–6.  Second, Plaintiff claims Defendant Merritt did not properly submit his oath of office to the probate court, in violation of O.C.G.A. § 45-3-10.1.  Id. at 6.  Third, Plaintiff alleges the City of Brunswick has not implemented a policy to direct its employees to take their oaths and file them in the appropriate place.  Id. at 6.  Plaintiff also states the City of Brunswick did not investigate Defendant Merritt's failure to file his oath with the probate court.  Id. at 7.  Plaintiff alleges these errors committed by Defendants violate his Eighth and Fourteenth Amendment rights under the United States Constitution.  Id. at 7.

Defendants have moved to dismiss Plaintiff's Complaint in its entirety for failure to state a claim.  Doc. 7.  Plaintiff sought an extension of time to respond to Defendant's Motion to Dismiss, which the Court granted.  Docs. 12, 13.  Rather than respond to the substance of Defendants' Motion to Dismiss, Plaintiff merely stated he had filed an Amended Complaint, which mooted Defendants' Motion to Dismiss.  Doc. 15.  Plaintiff did submit a motion to amend his Complaint "as a matter of course," but the Court denied that motion, noting Plaintiff could not amend as a matter of course at that stage in litigation but would need to obtain leave of Court or consent from Defendants.[1]  Docs. 16, 19.  Despite having ample time to do so, Plaintiff has

---

[1] The proposed Amended Complaint Plaintiff did submit would not have changed the Court's analysis.  Doc. 16.  Plaintiff still challenges the absence of specific time in the arrest warrants and the location where Defendant Merritt's oath was filed.

2

not sought leave of Court to amend, submitted any additional filings related to amendment of his Complaint, or provided any substantive response to Defendants' Motion to Dismiss.  Defendants have also filed a Motion for Summary Judgment, doc. 20, but Plaintiff has not responded to that Motion either, and the time to do so has expired.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not satisfy the standard.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In order to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

While the Court should accept all factual allegations as true at the motion to dismiss stage, the Court need not accept mere legal conclusions as true.  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  The court need not "accept as true a legal conclusion couched as a factual allegation."  Twombly, 550 U.S. at 555.  Additionally, the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

3

Finally, a court may consider documents attached to a complaint as exhibits in resolving a motion to dismiss without converting the motion to dismiss to a motion for summary judgment. Taylor v. Appleton, 30 F.3d 1365, 1368 n.3 (11th Cir. 1994). This is because the attachments become part of the pleading under Federal Rules of Civil Procedure 10(c).

## DISCUSSION

As an initial matter, it is difficult to discern the exact nature of Plaintiff's claims. Plaintiff primarily attacks the absence of a specific time in the relevant arrest warrants and the location where Defendant Merritt's oath was filed. Ultimately, Plaintiff appears to be attacking the validity of his arrest and, presumably, the validity of his detention on the charges described in the arrest warrants. Defendants note Plaintiff's attempts to challenge the validity of the charges against him are likely barred by Heck v. Humphrey, 512 U.S. 641 (1997). Doc. 7 at 3 n.1. The Court, however, need not reach this issue because Plaintiff fails to identify any plausible violation of any provision of law related to the date in the arrest warrants or Defendant Merritt's oath.

**I.    O.C.G.A. § 17-4-41**

Plaintiff has not stated any plausible violation of Georgia law by Defendant Merritt solely due to his failure to state the specific time of the offense in his arrest affidavit. O.C.G.A. § 17-4-41 provides affidavits and warrants issued shall include: "(1) The offense, including the time, date, place of occurrence, against whom the offense was committed, and a statement describing the offense; and (2) The county in which the offense was committed." The statute states the affidavit or warrant should include these requirements "as nearly as practicable." In his Complaint, Plaintiff has not alleged why it would have been practicable for Defendant Merritt to know the specific time of day the offense was committed. Additionally, O.C.G.A. § 17-4-45

4

provides a form for an affidavit for arrest. This statute references the requirements of O.C.G.A. § 17-4-41 and states an arrest warrant "substantially complying" with the form will in all cases be sufficient. O.C.G.A. § 17-4-45. The form does not contain any specific field for the time of the offense, only the date. Sections 17-4-41 and 17-4-45 of the Georgia Code do not provide for a civil cause of action due to a violation of the statutes.

Georgia courts have held a lack of specificity as to the time of the offense and minor technical errors in an arrest warrant do not invalidate the warrant. For example, in Reynolds v. State, 249 S.E.2d 305, 306 (Ga. Ct. App. 1978), the Georgia Court of Appeals held a warrant stating "the offenses occurred between January 1 and December 31, 1976, a time within the four-year statute of limitation . . . ." was a sufficient statement of the time the offense occurred. In Courtenay v. Randolph, 188 S.E.2d 396, 397 (Ga. Ct. App. 1972), the Georgia Court of Appeals also held a failure to state the time of the commission of the crime, standing alone, would not invalidate an otherwise sufficient affidavit. The court reasoned, "The failure to state the time of commission is a mere technical defect and does not void the warrant." Id.; see Thompson v. State, 237 S.E.2d 419, 424, *rev'd on other grounds*, 240 S.E.2d 87 (1977) (reasoning same because of "as practicable" language in statute); Willis v. Arp, 165 F. Supp. 3d 1357, 1363 (N.D. Ga. 2016) (finding affidavit and warrant compliant with O.C.G.A. § 17-4-41 when the warrant simply stated the crime occurred between 12:00AM and 11:59PM on a certain day); Blair v. State, 197 S.E.2d 362, 364 (Ga. 1973) (finding technical error of stating offense occurred on wrong day did not invalidate warrant).

Plaintiff has submitted affidavits written by Defendant Merritt with his Complaint, which the Court can consider when ruling on a motion to dismiss. Taylor, 30 F.3d at 1368 n.3. The affidavits substantially comply with all other requirements of O.C.G.A. § 17-4-41. Doc. 1-1 at

5

21–25, 37. The only arguable error is the affidavits do not state the specific time of day the offenses occurred. They do, however, state the date the offenses occurred. Even accepting Plaintiff's allegations as true, he has not stated any plausible violation of Georgia law by Defendant Merritt due to the minor, technical defects in his arrest affidavits. Courtenay, 188 S.E.2d at 397.

## II.     O.C.G.A. § 45-3-10.1

Plaintiff has not stated any plausible violation of Georgia law by Defendant Merritt for his failure to file his oath with the probate court or by the City of Brunswick for permitting its employees to do so. Section 45-3-10.1 of the Georgia Code states, "When taken by municipal officers, official oaths shall be filed in the office of the judge of the probate court. When taken by peace officers, official oaths shall be filed in the records of such department or agency." Sections 35-1-7 and 35-8-2 of the Georgia Code define law enforcement officers as peace officers rather than municipal officers. In his Complaint, Plaintiff describes Defendant Merritt as a detective. Doc. 1-1 at 5. Thus, as a law enforcement officer, Defendant Merritt would have been required to file his oath with his department or agency, not the probate court. Taking Plaintiff's factual allegations as true, Plaintiff cannot show Defendant Merritt violated Georgia law in any way by failing to file his oath with the probate court. Even so, O.C.G.A. § 45-3-10 provides, "The official acts of an officer shall be valid regardless of his omission to take and file the oath, except in cases where so specially declared." Therefore, a failure to file an oath in the appropriate place would not render any action taken by an officer illegal and would not affect the validity of the criminal proceedings against him in any way.

Consequently, Plaintiff has also not stated a plausible violation of Georgia law by the City of Brunswick. The City of Brunswick cannot be held liable for Defendant Merritt's failure

to file his oath when Plaintiff cannot show any violation of Georgia law by Defendant Merritt. Plaintiff has not included specific factual allegations regarding any employees other than Defendant Merritt who incorrectly filed their oath.[2]  Again, simply because oaths are filed in an incorrect location does not render the officer's actions illegal.  O.C.G.A. § 45-3-10.  Thus, Plaintiff has not stated sufficient factual matter taken as true to state a plausible claim against City of Brunswick for allowing employees to file oaths in incorrect locations under Georgia law. Additionally, to hold the City of Brunswick liable under § 1983, Plaintiff must allege a "policy, practice, or custom" by the City.  Oden, LLC v. City of Rome, 707 F. App'x 584, 586 (11th Cir. 2017).  Plaintiff's conclusory allegation the City has such a policy is insufficient to state a plausible § 1983 claim against the City.

### III.   United States Constitution

Although Plaintiff states Defendants violated his Eighth and Fourteenth Amendment rights, these are mere legal conclusions.  Doc. 1-1 at 7.  Plaintiff does not explain how the alleged state statutory errors committed by Defendant Merritt and the City of Brunswick amounted to a violation of his federal constitutional rights.  Moreover, as explained, these errors do not even amount to a violation of Georgia law.  Additionally, regarding Plaintiff's purported Fourteenth Amendment due process claim, "[T]he procedural component of the Due Process Clause does not require the States to comply with state-created procedural rules."  Gissendaner v. Comm'r, Ga. Dep't of Corr., 794 F.3d 1327, 1330 (11th Cir. 2015).  Rather, "it requires them to adhere to a certain minimal level of process when seeking to deprive an individual of a

---

[2]   Plaintiff has submitted two oaths from Glynn County Police Department officers Plaintiff apparently received from an open records request submitted to the "Clerk of Probate Court."  Doc. 1-1 at 16–18.  However, simply because the oaths were filed in the probate court does not mean the oaths were never filed with the appropriate department or agency, as well, or the oaths had to be filed in the probate court.  Plaintiff has not included any specific factual allegations in the body of his Complaint regarding these officers.

substantive interest protected by the Clause—namely, 'life, liberty, or property.'" Id.; Harris v. Birmingham Bd. of Educ., 817 F.2d 1525, 1528 (11th Cir. 1987) ("Yet, we emphasize that the violation of a state statute outlining procedure does not necessarily equate to a due process violation under the federal constitution."). Plaintiff cannot show Defendants violated the procedural component of the Due Process Clause simply because Defendant Merritt did not file his oath in the appropriate place or did not state a specific time of day in his affidavits. For these reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss.[3]

## IV.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x

---

[3]     Because the Court finds Plaintiff has failed to state a claim, he has also not shown he is entitled to a preliminary injunction (to the extent he seeks one) because he has not shown he will succeed on the merits of his claims. Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001).

8

321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims and Defendants' Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss and **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. Because I have found Plaintiff has failed to state a claim, I **DENY as moot** Plaintiff's Motion to Invoke Supplemental Jurisdiction and **RECOMMEND** the Court **DENY as moot** Defendants' Motion for Summary Judgment. Docs. 14, 20.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or other filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on

appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 5th day of August, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA